## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEANDRO BERNAL CALDERON,** | |
| **Petitioner,** | **Case No. 20-CV-450-JFH** |
| **v.** | |
| **WILLIAM BARR, Attorney General of the United States, *et al*.,** | |
| **Respondents.** | |

## OPINION AND ORDER

This matter comes before the Court on Respondents' Motion to Dismiss [Dkt. No. 8].  For the reasons set forth below, the Court grants this motion.

## ANALYSIS

On December 4, 2020, Petitioner Leandro Bernal Calderon ("Petitioner") filed a Petition for a Writ of Habeas Corpus [Dkt. No. 1].  At that time, he was in the custody of United States Immigration and Customs Enforcement ("ICE") and sought his release.  Then on January 5, 2021, ICE made the determination to release Petitioner from custody pending his removal from the United States.  Petitioner was subsequently issued an Order of Supervision and released from custody.

The writ of habeas corpus generally extends to an individual when he or she "is in custody." *See* 28 U.S.C. § 2241(c).  And once a live case or controversy ceases to exist, the action is moot, and the court loses jurisdiction to adjudicate further.  *United States v. Seminole Nation of Oklahoma*, 321 F.3d 939, 943 (10th Cir. 2002).  Here, because Petitioner has already been released from custody, a live case or controversy appears to no longer exist.  The release, however, does not automatically moot the petition because Petitioner was in custody at the time of filing.  *Riley*

*v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002).  The Court must also consider whether Petitioner's

claim meets one of the exceptions to the mootness doctrine.  *Id*.  It will not dismiss the petition as

moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2)

the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily

ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified

class action suit." *Id*.  at 1257.  Having reviewed the record, the Court concludes that no exception

to the mootness doctrine exists here.  Petitioner's release from custody moots his request to be

released from custody.  *See Tiesel v. Birch*, 2011 WL 165975, at *2 (N.D. Okla. Jan. 18, 2011)

("The Court concludes that Petitioner's request for habeas corpus relief has been rendered moot

by her release from incarceration.").

## CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss [Dkt. No. 8] is

GRANTED. Leandro Bernal Calderon's Petition for a Writ of Habeas Corpus [Dkt. No. 1] is

DISMISSED AS MOOT. This is a final order terminating this action.

Dated this 4th day of October 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

2